# Third District Court of Appeal

State of Florida

Opinion filed July 9, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0384
Lower Tribunal No. 22-11445-SP-05
_____

**Loren Yudovich,**
Appellant,

vs.

**Investment 1611, LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha Shonta Darrough, Judge.

Open Book Appeals, and Erin Pogue Newell (Fort Lauderdale); Tammi A. Calarco, P.A., and Tammi A. Calarco, for appellant.

Lauren Luck, P.A., and Lauren J. Luck, for appellee.

Before FERNANDEZ, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>J.J.K. Intern., Inc. v. Shivbaran</u>, 985 So. 2d 66, 68 (Fla. 4th DCA 2008) (stating that an order on a motion for rehearing is reviewed for an abuse of discretion); <u>Fision Corp. v. Frueh</u>, 369 So. 3d 1211, 1217 (Fla. 2d DCA 2023) ("[T]rial courts need not grant rehearing when the movant raises a new argument that could have, and should have, been raised prior to entry of summary judgment."); <u>Melrose Ventures, LLC v. Uptempo Mktg. Corp.</u>, 418 So. 3d 217, 219 (Fla. 6th DCA 2025) ("Appellants' argument fails because the trial court was not required to consider an argument that Appellants asserted for the first time in a motion for rehearing. While the trial court had discretion to grant rehearing and then consider Appellants' new argument, it was not required to do so."); <u>Ray Med. Ctr., Inc. v. Florida Ins. Guar. Ass'n</u>, 406 So. 3d 1086, 1088 n 2 (Fla. 3d DCA 2025) ("[B]ecause these arguments were not raised below until Ray Medical Center's motion for rehearing, we find them to be unpreserved.").